UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

HOLUB ENTERPRISES, INC,

                Debtor.

-------------------------------------------------------------------x
ANDREW M. THALER, Chapter 7 Trustee of the
Bankruptcy Estate of HOLUB ENTERPRISES, INC.,

                Plaintiff,

    - against -

CAPITAL ONE, N.A. and
DL ROTHBERG & ASSOCIATES, P.C.,

                Defendants.
-------------------------------------------------------------------x

Chapter 7
Case No.: 15-74196-ast

Adv. Pro. No.: 16-8026-ast

## ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF TRUSTEE

Pending before the Court is the motion for partial summary judgment (the "Summary Judgment Motion") filed by Plaintiff, Andrew M. Thaler the Chapter 7 Trustee (the "Trustee") on behalf of the bankruptcy estate of Holub Enterprises, Inc. ("Holub" or the "Debtor"). The Trustee seeks summary judgment on the claims he filed against Defendants Capital One, N.A. and DL Rothberg & Associates, P.C. For the reasons stated below, the Summary Judgment Motion is granted, but because this Order does not resolve all claims against all parties, it is not a final judgment.

### JURISDICTION AND VENUE

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E) and 1334(b), and the Standing Orders of Reference in effect in the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made

effective *nunc pro tunc* as of June 23, 2011.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND AND PROCEDURAL HISTORY[1]

### *General Background*

The Trustee commenced this adversary proceeding by filing a complaint on February 18, 2016 (the "Complaint"). In the Complaint, the Trustee seeks turnover of certain funds deposited in one or more bank accounts (the "Account") owned by Debtor, maintained at Capital One, N.A. ("Capital One") and restrained pre-petition by DL Rothberg & Associates, P.C. ("DLRA" and together with Capital One, the "Defendants").

Specifically, the Trustee alleges that in February 2015, DLRA served a restraining notice on Capital One, and that the Account was restrained but not seized. The Trustee further alleges that Debtor listed an interest in the restrained Account in the amount of $19,000 in its schedules, that the bankruptcy estate's interest in the Account is superior to any interest of DLRA, and that Capital One must turnover all money in the Account to the trustee.

Plaintiff served a copy of the Summons and Complaint on Defendants. [dkt items 3, 6]

On March 22, 2016, DLRA filed an Answer to the Complaint asserting general denials of the allegations in the Complaint, affirmative defenses to the Complaint and a Crossclaim against Capital One (the "Crossclaim"). [dkt item 9]

On April 12, 2016, Capital One filed an Answer to DLRA's Crossclaim asserting general denials and asserting affirmative defenses to the Crossclaim. [dkt item 10]

---

[1] The factual background and procedural history are taken from the pleadings, exhibits and other papers submitted by the parties.

On October 14, 2016, the Court issued an *Initial Adversary Scheduling Order* establishing various pre-trial deadlines, requirements, and a pre-trial conference. [dkt item 13]

On January 25, 2017, the Court issued an *Adversary Pre-Trial Scheduling Order* establishing, among other things, a trial date, various discovery deadlines, and deadlines for dispositive motions. [dkt item 24]

On May 9, 2017, the Court entered a *Stipulation and Order* extending various deadlines in the previously issued *Adversary Pre-Trial Scheduling Order* and scheduled a trial date for September 19, 2017 at 10:00 am. [dkt item 30]

On June 8, 2017, the parties filed a Notice of Proposed Stipulation extending the various deadlines that had previously been extended pursuant to the *Stipulation and Order*, including a deadline for dispositive motions of July 28, 2017.[2] [dkt item 31]

On June 13, 2017, Plaintiff filed his Summary Judgment Motion pursuant to Rule 56 of the Federal Rules of Civil Procedure, as incorporated by Rule 7056 of the Federal Rules of Bankruptcy Procedure, supported by his Statement of Undisputed Facts as required by Local Rule 7056-1. [dkt items 32, 33] The Trustee seeks summary judgment on his claim that the bankruptcy estate has greater rights than the Defendants in the Account; the Trustee further states that his claim seeking Capital One turnover the funds to the bankruptcy estate is now moot because Capital One voluntarily turned over the Account to the Trustee after March 11, 2016, in the amount of $20,732.96. [dkt item 33-3]

The Summary Judgment Motion was brought by notice of presentment pursuant to this Court's published procedures, and was served upon Defendants. [dkt item 34] Defendants' deadline to file responsive pleadings was July 5, 2017.

---

[2] On June 14, 2017, the Court "So Ordered" the Proposed Stipulation. [dkt item 36]

As of July 18, 2017, Defendants had failed to respond to the Summary Judgment Motion.

On July 21, 2017, the Court entered an Order closing the summary judgment pleadings. [dkt item 38]

## **LEGAL ANALYSIS**

### *Summary Judgment Standard*

Rule 56(c) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7056(c), provides that summary judgment should be granted to the moving party if the Court determines that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 n.4 (1986) (quoting FED. R. CIV. P. 56(c)) (internal quotation marks omitted).  A movant has the initial burden of establishing the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 322-23.  A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*  If the movant meets its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-50 (internal citations omitted).  The Second Circuit has repeatedly noted that, "[a]s a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party." *Brady*

*v. Town of Colchester*, 863 F.2d 205, 210 (2d Cir. 1988) (citing *Celotex Corp.*, 477 U.S. at 330 n.2 (1986) (Brennan, J., dissenting)); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1304 (2d Cir. 1995); *Burrell v. City Univ. of New York*, 894 F. Supp. 750, 757 (S.D.N.Y. 1995). "If, when viewing the evidence produced in the light most favorable to the non-movant, there is no genuine issue of material fact, then the entry of summary judgment is appropriate." *Pereira v. Cogan*, 267 B.R. 500, 506 (S.D.N.Y. 2001); *see Burrell*, 894 F. Supp. at 758 (citing *Binder v. Long Island Lighting Co.*, 933 F.2d 187, 191 (2d Cir. 1991)).

### *Summary judgment should be granted*

Here, there are no genuine issues of material fact that are necessary to be tried on the Trustee's claims. Defendants did not respond to the Trustee's Local Rule 7056-1 Statement; as a result, the Court deems them uncontroverted statements of fact. *See* Local Rule 7056-1; *In re Minepco, USA, Inc.*, 237 B.R. 12, 16 (Bankr. S.D.N.Y. 1997) (deeming admitted statements of fact contained in movant's pleadings which were not controverted by opposing rule 7056-1 statement). These uncontroverted facts establish that the estate has a superior claim to the Account as a matter of law; the Account was restrained at the petition date but had not been seized by DLRA; as such the bankruptcy estate maintained a superior claim to the Account.

The Trustee correctly relies on *In re Adomah,* 340 B.R. 453, 458–59 (Bankr. S.D.N.Y. 2006), *order aff'd, appeal dismissed*, 368 B.R. 134 (S.D.N.Y. 2007). In that case, a bank had been served with a restraining notice prepetition and then refused to release the funds post petition upon request of the chapter 7 debtor. The bank argued, among other things, that under NY CPLR 5222(b), the restraining notice had the effect of a mandatory injunction, which required "exact and explicit obedience ... however irregular or erroneous it may be," relying on *Root v. Conkling*, 108 Misc. 234, 177 N.Y.S. 610 (1919); 67A New York Jur.2d, Injunctions, §§

195, 202 (West 2000). The bank further asserted that "it was required to place and maintain an administrative freeze on the Accounts until it received a release from the Judgment Creditor or its attorney," a position Judge Gropper said in *Adomah* "is flat wrong." 340 B.R. at 458.

The *Adomah* court went on to note that the federal Bankruptcy Code preempts state law "under the Supremacy Clause of the United States Constitution, Article VI clause 2," and that "[u]pon the filing of the petition, the restraining notice became void and of no effect." 340 B.R. at 458. *See 48th St. Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48th St. Steakhouse, Inc.)*, 835 F.2d 427, 431 (2d Cir. 1987), *cert. denied*, 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988).

As the Supreme Court has made clear, a bank may place an administrative hold on an account only temporarily and must seek relief from the stay shortly thereafter if it does not unfreeze the account. *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 21, 116 S. Ct. 286, 290, 133 L. Ed. 2d 258 (1995)(noting that a bank account "consists of nothing more or less than a promise to pay, from the bank to the depositor"). *Adomah*, 340 B.R. at 458.

Because the Account became property of the estate upon the Debtor's petition date, the estate's interest in the Account was superior to any claim of DLRA, and because Capital One did not assert a right of setoff, *see* §§ 362(a)(7), 553, it had to turn the Account over to the Trustee.

### ***This grant of summary judgment should be made final***

Rule 54(b), as incorporated by Bankruptcy Rule 7054, provides as follows:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities

of fewer than all the parties does not end the action as to any of the
claims or parties and may be revised at any time before the entry of
a judgment adjudicating all the claims and all the parties' rights and
liabilities.

Here, the Crossclaim by DLRA against Capital One is the sole remaining claim in this adversary proceeding.  The issues as between DLRA and Capital One can be adjudicated within this adversary proceeding, and there is no reason for delay of entering a final judgment in favor of the Trustee.  Thus, this grant of summary judgment will be a final judgment as to the Trustee.

## **CONCLUSION**

Based on the foregoing, it is hereby

**ORDERED**, that the Trustee's Summary Judgment Motion is granted in his favor on all claims against Defendants; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Order on Plaintiff and the Defendants.



**Dated: August 23, 2017**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**

7