UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

HOLUB ENTERPRISES, INC.,

                  Debtor.
-----------------------------------------------------------------x
ANDREW M. THALER, Chapter 7 Trustee of the
Bankruptcy Estate of HOLUB ENTERPRISES, INC.,

                  Plaintiff,

    - against -

CAPITAL ONE, N.A. and
DL ROTHBERG & ASSOCIATES, P.C.,

                  Defendants.
-----------------------------------------------------------------x

Chapter 7
Case No.: 15-74196-ast

Adv. Pro. No.: 16-8026-ast

**DECISION AND ORDER GRANTING PARTIAL SUMMARY JUDGMENT
AND DISMISSING ADVERSARY PROCEEDING**

Pending before the Court is the motion for partial summary judgment (the "Summary Judgment Motion") filed by Capital One, N.A. ("Capital One"). Capital One seeks summary judgment on the crossclaim filed by DL Rothberg & Associates, P.C. ("DLRA"). For the reasons stated below, the Summary Judgment Motion is granted, and because this Order resolves the remaining claims in this adversary proceeding the Clerk of Court is directed to close this adversary proceeding.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

1

# BACKGROUND AND PROCEDURAL HISTORY[1]

*General Background*

Plaintiff, the Chapter 7 Trustee of the Bankruptcy Estate of Holub Enterprises, Inc. ("Plaintiff") commenced this adversary proceeding by filing a complaint on February 18, 2016 (the "Complaint"). In the Complaint, Plaintiff seeks turnover of certain funds deposited in one or more bank accounts (the "Accounts") maintained by Capital One that were purportedly restrained pre-petition by DLRA (together with Capital One, the "Defendants").

Plaintiff served a copy of the Summons and Complaint on Defendants. [dkt items 3, 6]

On March 22, 2016, DLRA filed an Answer to the Complaint asserting general denials of the allegations in the Complaint, affirmative defenses to the Complaint and a Crossclaim against Capital One asserting that Capital One was negligent in failing to respond to a restraining notice and information subpoena DLRA served on Capital One pre-petition (the "Crossclaim"). [dkt item 9]

On April 12, 2016, Capital One filed an Answer to DLRA's Crossclaim asserting general denials and asserting affirmative defenses to the Crossclaim. [dkt item 10]

On October 14, 2016, the Court issued an *Initial Adversary Scheduling Order* establishing various pre-trial deadlines, requirements, and a pre-trial conference. [dkt item 13]

On December 29, 2016, Capital One filed a statement pursuant to Bankruptcy Rule 7008(a) that the Crossclaim is non-core and Capital One consents to the entry of final orders or judgments on such Crossclaim by the Court. [dkt item 17]

On January 25, 2017, the Court issued an *Adversary Pre-Trial Scheduling Order* establishing, among other things, a trial date, various discovery deadlines, and deadlines for

---

[1] The factual background and procedural history are taken from the pleadings, exhibits and other papers submitted by the parties.

dispositive motions. [dkt item 24]

On May 9, 2017, the Court entered a *Stipulation and Order* extending various deadlines in the previously issued *Adversary Pre-Trial Scheduling Order* and scheduled a trial date for September 19, 2017 at 10:00 am. [dkt item 30]

On June 8, 2017, the parties filed a Notice of Proposed Stipulation extending the various deadlines that had previously been extended pursuant to the *Stipulation and Order*, including a deadline for dispositive motions of July 28, 2017.[2] [dkt item 31]

On June 13, 2017, Plaintiff filed a motion for summary judgment (the "Trustee's Motion") pursuant to Rule 56 of the Federal Rules of Civil Procedure (the "Civil Rules"), as incorporated by Rule 7056 of the Bankruptcy Rules asserting, among other things, that the Trustee's claim seeking Capital One turnover certain funds to the bankruptcy estate is now moot because Capital One has voluntarily turned over the funds to the Trustee. [dkt items 32, 33]

The Trustee's Motion was brought by notice of presentment pursuant to this Court's published procedures, and was served upon Defendants. [dkt item 34] Defendants' deadline to file responsive pleadings was July 4, 2017.

As of July 18, 2017, Defendants had failed to respond to the Trustee's Motion.

On July 21, 2017, the Court entered an Order closing the summary judgment pleadings on the Trustee's Motion.[3] [dkt item 38]

On July 26, 2017, Capital One filed its Summary Judgment Motion pursuant to Rule 56 of the Civil Rules, as incorporated by Rule 7056 of the Bankruptcy Rules, seeking to dismiss DLRA's Crossclaim because the Crossclaim is outside this Court's jurisdiction and, in the alternative, Capital One had no duty under New York law to provide any information in response

---

[2] On June 14, 2017, the Court "So Ordered" the Proposed Stipulation. [dkt item 36]
[3] On August 23, 2017, the Court entered an Order granting the Trustee's Motion. [dkt item 44]

to DLRA's restraining notice.  [dkt items 39, 40]

The Capital One Summary Judgment Motion was brought by notice of presentment pursuant to this Court's published procedures and was served upon DLRA and Plaintiff.  [dkt item 41]  DLRA's deadline to file responsive pleadings was August 20, 2017.

On September 7, 2017, the Court entered an *Order Closing Pleadings and Canceling Trial*, providing that the Capital One Summary Judgment Motion is now on submission with the Court.  [dkt item 51]

On September 7, 2017, DLRA filed an untimely objection to the Capital One Summary Judgment Motion.  [dkt item 50]

The Crossclaim by DLRA against Capital One is the sole remaining claim in this adversary proceeding, and is the only matter pending in this case overall.  On June 19, 2018, this Court held a hearing in the main case and approved the Trustee's Final Report [case no. 15-74196; dkt item 43], and on July 5, 2018 entered an Order approving the Trustee's Final Report [case no. 15-74196; dkt item 50] which marks the end of collecting assets in order to make distributions to creditors; said otherwise, the bankruptcy estate has now been fully administered.

## LEGAL ANALYSIS

*Summary judgment standard*

Rule 56(c) of the Civil Rules, as incorporated by Bankruptcy Rule 7056(c), provides that summary judgment should be granted to the moving party if the Court determines that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 n.4 (1986) (quoting FED. R. CIV. P. 56(c)) (internal quotation marks omitted).  A movant has the

initial burden of establishing the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 322-23. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the movant meets its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted). The Second Circuit has repeatedly noted that, "[a]s a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party." *Brady v. Town of Colchester*, 863 F.2d 205, 210 (2d Cir. 1988) (citing *Celotex Corp.*, 477 U.S. at 330 n.2 (1986) (Brennan, J., dissenting)); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1304 (2d Cir. 1995); *Burrell v. City Univ. of New York*, 894 F. Supp. 750, 757 (S.D.N.Y. 1995). "If, when viewing the evidence produced in the light most favorable to the non-movant, there is no genuine issue of material fact, then the entry of summary judgment is appropriate." *Pereira v. Cogan*, 267 B.R. 500, 506 (S.D.N.Y. 2001); *see Burrell*, 894 F. Supp. at 758 (citing *Binder v. Long Island Lighting Co.*, 933 F.2d 187, 191 (2d Cir. 1991)).

***This Court lacks jurisdiction to hear and determine the Crossclaim***

Under 28 U.S.C. § 1334(a), the district courts have original and exclusive jurisdiction over all cases under Title 11 of the United States Code (as amended, the "Bankruptcy Code"), and original, but not exclusive, jurisdiction of civil proceedings "arising under" the Bankruptcy

Code or "arising in or related to" cases under the Bankruptcy Code. 28 U.S.C. § 1334(a), (b). Pursuant to 28 U.S.C. § 157(a), a district court may provide that "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." The United States District Court for the Eastern District of New York has a Standing Order of Referral, which automatically refers to the Bankruptcy Court for the Eastern District of New York all cases in the district arising under or related to the Bankruptcy Code. 28 U.S.C. § 157(a); Eastern District of New York Standing Order of Reference dated August 28, 1996, as amended by Order dated December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.[4] A bankruptcy judge "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 …." 28 U.S.C. § 157(b). A bankruptcy judge also "may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11 [and] [i]n such proceeding, the bankruptcy judge shall submit findings of fact and conclusions of law to the district court" for entry of a final order or judgment. 28 U.S.C. § 157(c).

Core proceedings are those "arising under title 11" or "arising in a case under title 11." 28 U.S.C. § 157(b)(1). A proceeding "aris[es] under" title 11, and therefore invokes the bankruptcy court's core jurisdiction, if it "invoke[s] substantive rights created by bankruptcy law." *U.S. Dep't of Labor v. Kirschenbaum*, 508 B.R. 257, 264 (E.D.N.Y. 2014), *aff'd sub nom. In re Robert Plan Corp.*, 777 F.3d 594 (2d Cir. 2015) (citing *In re Housecraft Indus. USA, Inc.*, 310 F.3d 64, 70 (2d Cir. 2002)). A proceeding "arising in" title 11 "covers claims that 'are not

---

[4] Administrative Order 601 provides " [I]f a bankruptcy judge or district judge determines that a bankruptcy judge cannot enter a final order or judgment consistent with Article III of the United States Constitution in a particular proceeding referred under this order and designated as core under section 157(b) of [T]itle 28, unless the district court orders otherwise, the bankruptcy judge shall hear the proceeding and submit proposed findings of fact and conclusions of law to the district court[.]"

6

based on any right expressly created by [T]itle 11, but nevertheless, would have no existence outside of the bankruptcy.'" *Baker v. Simpson*, 613 F.3d 346, 351 (2d Cir. 2010) (quoting *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987)).

Section 157(b)(2) provides a non-exhaustive list of core proceedings. *Stern v. Marshall*, 564 U.S. 462, 476, 131 S. Ct. 2594, 2605, 180 L. Ed. 2d 475 (2011). The list includes "matters concerning the administration of the [bankruptcy] estate"; "counterclaims by the [bankruptcy] estate against persons filing claims against the [bankruptcy] estate"; and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims[.]" 28 U.S.C. § 157(b)(2). *In re EMS Fin. Servs., LLC*, 491 B.R. 196, 201 (E.D.N.Y. 2013). Conversely, under § 157(c)(1), non-core proceedings are those that are related to the bankruptcy case but do not arise under Title 11 and are typically based on common law. *Id.* (citing *Stern*, 131 S.Ct. at 2605.)

The Second Circuit has held that bankruptcy jurisdiction is appropriate over "third-party non-debtor claims that directly affect the *res* of the bankruptcy estate." *In re Quigley Co., Inc.*, 676 F.3d 45, 53 (2d Cir. 2012) (citing *In re Johns-Manville Corp.*, 517 F.3d 52, 66 (2d Cir. 2008), *rev'd and remanded sub nom. Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 129 S. Ct. 2195, 174 L. Ed. 2d 99 (2009); *see also In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992) ("The test for determining whether litigation has a significant connection with a pending bankruptcy [sufficient to confer bankruptcy jurisdiction] is whether its outcome might have any conceivable effect on the bankrupt estate")). *See also In re Swift*, 519 B.R. 39, 44 (Bankr. E.D.N.Y. 2014).

The Court in *Stern* held that "[t]he Bankruptcy Court below lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." *Stern*, 131 S. Ct. at 2620. *See also In re Salander O'Reilly Galleries*, 453 B.R. 106, 115 (Bankr. S.D.N.Y. 2011) ("*Stern* is replete with language emphasizing that the ruling should be limited to the unique circumstances of that case.").

Because the DLRA Crossclaim only addresses potential liability of Capital One to DLRA for funds that have been turned over to the estate, it is not a core claim, will not affect the *res* of this estate, will have no conceivable effect on the administration of this estate, and is therefore not related to the case. In addition, it is further removed from this Court's constitutional authority than the counterclaim in *Stern*, which was filed by a debtor against a claimant. Thus, this Court will grant Capital One's request for summary judgment on its lack of constitutional authority over the Crossclaim.

As the portion of the Summary Judgment Motion seeking dismissal for lack of jurisdiction is granted, the Court need not and will not reach the portion seeking judgment as a matter of law on the merits of the Crossclaim.

Therefore, it is hereby

**ORDERED**, that the remaining claims in this Adversary Proceeding are dismissed; the Clerk of Court is directed to close this Adversary Proceeding.



Dated: August 10, 2018
Central Islip, New York

_____
**Alan S. Trust**
**United States Bankruptcy Judge**

8